IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KRIS BRISCOE,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., GAVIN HEPBURN, KEVIN WARF, SILVIA VALDEZ, and RYAN JOHNSTON,<br><br>        Defendants. | Case No. 23-CV-2481-TC-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint (ECF No. 15). Plaintiff, proceeding *pro se*, seeks leave to file her proposed First Amended Complaint that corrects the name of her former employer, clarifies her requested damages, adds allegations to support her existing claims, adds a claim for wrongful termination, and adds four new individual defendants. Defendants oppose the motion based on futility. For the reasons set forth below, the motion is granted, but subject to the revisions noted herein, which the Court will make and then file the revised First Amended Complaint.

**I.    Factual and Procedural Background**

Plaintiff filed her original complaint on October 31, 2023 asserting claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (ADEA), the Equal Pay Act (EPA), the Fair Labor Standards Act (FLSA), and for defamation and negligence against Defendant Amazon.com, Inc.[1] She alleges discrimination based on her race, national origin, age,

---

[1] *See* Plaintiff's Employment Discrimination Complaint (ECF No. 1) which incorporates by reference the attachment titled Plaintiff's Initial Petition (ECF No. 1-1).

and gender. She also named four individual defendants who are employees in its Employee Resource Center ("ERC").

On December 19, 2023, Defendants filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 4) for failure to state a claim upon which relief can be granted, which remains pending before the Court. Plaintiff filed responses (ECF Nos. 7 and 10) opposing the motion to dismiss. She also filed a motion to amend her complaint on February 5, 2024 (ECF No. 11).

At the February 7, 2024 Status Conference, the Court denied without prejudice Plaintiff's motion to amend for failure to attach the proposed amended complaint but set a February 28, 2024 deadline for her to file a motion that complied with D. Kan. Rule 15.1(a) and attached her proposed First Amended Complaint.[2] The Court also stayed all pretrial proceedings, discovery, and the Fed. R. Civ. P. 26 obligations of the parties pending further order of the Court after the refiling of Plaintiff's motion.[3]

On February 28, 2024, Plaintiff timely filed a new motion to amend (ECF No. 14) and her proposed First Amended Complaint. On March 4, 2024, she filed another motion to amend her complaint (ECF No. 15) with substantially the same proposed First Amended Complaint, but with a memorandum in support of her motion (ECF No. 16).[4] Defendants filed their response (ECF No. 18) in opposition to Plaintiff's motion. They argue Plaintiff's motion should be denied because her proposed First Amended Complaint would be subject to dismissal for failure to state a claim, and

---

[2] Order (ECF No. 13).

[3] Minute Entry and Order (ECF No. 12).

[4] On March 8, 2024, the Court entered an order (ECF No. 17) striking the motion Plaintiff filed on February 28, 2024, finding that proposed amendment substantially identical to her later-filed motion. The Court indicated it would determine whether Plaintiff would be permitted to file her proposed First Amended Complaint based on her motion and memorandum in support contained in ECF Nos. 15 and 16.

2

therefore the proposed amendment would be futile. Defendants point out that while Plaintiff claims she seeks leave to amend solely to add new defendants, add a claim for wrongful separation, and clarify her prayer for damages, in actuality her proposed amended complaint bears no resemblance to her original complaint and is undeniably much longer than her original Complaint. Defendants argue that despite the number of allegations added by Plaintiff's proposed amendment it still fails to plead any facts from which liability can be established and fails to cure any of the defects pointed out in Defendants' pending motion to dismiss.

## II.     Legal Standard for Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial.  It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[5]   Other amendments are allowed "only with the opposing party's written consent or the court's leave."[6]  Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[7]  The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[8]  The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[5] Fed. R. Civ. P. 15(a)(1).

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id*.; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[9]

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[10] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim to relief that is plausible on its face.[11] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[12] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[13] The party opposing the proposed amendment bears the burden of establishing its futility.[14]

**III.   Analysis**

Plaintiff is outside the 21-day period allowed under Rule 15(a)(1) for amending once as matter of course, so she must obtain the Court's leave to amend her complaint under Rule 15(a)(2). Under the standards for amendment of the pleadings set forth above, the Court will consider each of Plaintiff's requested amendments.

---

[9] *Id*. (quoting *Foman*, 371 U.S. at 182).

[10] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[11] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[12] *Twombly*, 550 U.S. at 555.

[13] *Id.* at 556.

[14] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

### A.        Correction of employer defendant's name

Plaintiff requests leave to amend her complaint to correct her employer's name. The Court grants her request as essentially unopposed. Defendants acknowledge in their response that the entity Plaintiff previously named as a defendant, "Amazon.com, Inc.," is not the proper defendant as it did not employ Plaintiff.[15] Instead, they state that "Amazon.com Services, LLC" employed Plaintiff.[16] Accordingly, Plaintiff is granted leave to amend her complaint to correct the name of her former employer by replacing "Amazon.com, Inc." with "Amazon.com Services, LLC." However, rather than directing Plaintiff to file her proposed First Amended Complaint, which adds "Amazon.com Services, LLC" as another defendant rather than replacing formerly named defendant "Amazon.com, Inc.," the Court will instead revise Plaintiff's proposed First Amended Complaint to remove "Amazon.com, Inc." as a defendant in the caption and replace all references to it with "Amazon.com Services, LLC."

### B.        Clarification of damages

Plaintiff also seeks leave to amend her complaint to clarify her prayer for damages by including a request for back pay, future pay, and lost benefits. The Court finds this requested amendment should also be granted. Defendants raise no futility argument with respect to this proposed amendment, and the Court finds it merely itemizes and clarifies the compensatory damages and other damages Plaintiff has already requested in her original complaint. Plaintiff's proposed amendment to clarify her damages is therefore granted.

---

[15] Defs.' Resp., ECF No. 18, at 1.n.1.

[16] *Id.*

### C.     Addition of factual allegations against currently named defendants

In her proposed First Amended Complaint, Plaintiff also adds pages of factual allegations in support of her existing claims against the defendants originally named in the case. Defendants argue these additional allegations do not cure the pleading defects already noted in their pending motion to dismiss. The Court has already determined that Plaintiff should be granted leave to amend her complaint to correct her former employer's name and clarify her damages. Rather than granting Plaintiff leave to partially amend her complaint and address each of Defendants' futility arguments for most of the numerous counts Plaintiff asserts, in light of the number of new factual allegations, the Court finds it would be more expedient and efficient to allow Plaintiff to file her First Amended Complaint as proposed with all her new factual allegations against currently named defendants (except for Amazon.com, Inc. discussed above). The Court can then address Defendants' various arguments for dismissal of each of those claims in the procedural posture of a renewed motion to dismiss rather than futility objections to Plaintiff's proposed amendment. This court has previously found futility arguments lodged in response to a *pro se* motion to amend the complaint are "more appropriately resolved by the district judge, in the context of a motion for summary judgment or by way of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or (c)."[17] Primarily for this reason, the Court will allow Plaintiff to amend her complaint to add her lengthy factual allegations against the currently named defendants.

The Court is also mindful of Plaintiff's status as a *pro se* litigant[18] and the significant number of additional factual allegations included to support the multiple claims she initially pled.

---

[17] *Settle v. Unifund C.C.R. Partners*, No. 07-2473-CM, 2007 WL 9723776, at *1 (D. Kan. Nov. 6, 2007).

[18] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

Plaintiff's original complaint is a check-the-box employment discrimination complaint form with a six-page petition attached. Plaintiff's proposed First Amended Complaint is a 52-page comprehensive and thorough pleading adding numerous factual allegations clarifying her claims and requests for relief. Plaintiff should be afforded the opportunity to amend her complaint at this early stage in the case to assert all her factual allegations supporting her previously pled claims asserted against all current defendants. Defendants will suffer no prejudice from allowing the requested amendment, other than the necessity of revising and refiling their prior motion to dismiss if they desire to do so. Pursuant to Rule 15(a)(2)'s dictate the Court freely give leave to amend "when justice so requires," the Court grants Plaintiff request for leave to amend her complaint to add factual allegations supporting her claims against the currently named defendants.

### D. New claim for wrongful termination

Plaintiff also seeks to add a new claim for wrongful termination in violation of public policy (Count 15), which she alleges arises from the termination of her employment on November 10, 2023. As the alleged termination occurred after she filed her original complaint in October 2023, Plaintiff is granted leave to add this new claim and supporting allegations.

### E. Addition of four new individual defendants

Plaintiff also requests that the following four individuals be added as defendants: Bethany Reyes, Head of ERC; Theunis Kotze, Senior Manager; Jasmine Kammer, Human Resources Business Partner; and Genelle Rose, ERC Team Lead. Plaintiff generally alleges these individual employees participated in, "turned a blind eye to," and conspired to violate her rights by the conduct she alleges in her original complaint. In her proposed First Amended Complaint, Plaintiff sets out the following fifteen Counts:

1. Title VII – Racial Discrimination and Harassment (Hostile Work Environment);

    2. Title VII – Retaliation;
    3. Title VII Wrongful Discharge;
    4. 28 USC § 4101 - DEFAMATION OF CHARACTER;
    5. DEFAMATION;
    6. Negligence;
    7. Fair Labor Standards Act (FLSA); 29 U.S. CODE § 207 - MAXIMUM HOURS;
    8. Fair Labor Standards Act (FLSA) FLSA - 29 U.S. Code §215. Prohibited acts; prima facie evidence FLSA - §218c(a)(2) - Protection for employees;
    9. Fair Labor Standards Act (FLSA); FLSA - Nonpayment for working off the clock;
    10. Equal Pay Act;
    11. Age Discrimination 29 U.S.C. & 623(a);
    12. § 1983- DEFAMATION OF CHARACTER and DEFAMATION;
    13. Violation of 42 U.S.C. § 1981 – Discrimination;
    14. Violation of 42 U.S.C. § 1981 – Retaliation.
    15. Wrongful Termination in violation of public policy.[19]

Nine of Plaintiff's claims—for hostile work environment, defamation, negligence, FLSA violations, and Section 1981 discrimination and retaliation—are asserted against "all named Individuals," which includes the four defendants Plaintiff seeks to add.[20] One of Plaintiff's claims for FLSA "nonpayment for working off the clock" (Count 9) is asserted against "all named Individuals (except Genelle Rose)."[21] Notably, Plaintiff does not assert her Title VII retaliation and wrongful discharge, Equal Pay Act, age discrimination, and wrongful termination claims against the "named Individuals." [22]

---

[19] Pl.'s proposed First Am. Compl., ECF No. 15-3, at 6, 33–49.

[20] Counts 1, 4–8, and 12–14. *Id.* at 33–47. In her proposed First Amended Complaint, Plaintiff asserts her Counts against either "all named Individuals and all named Defendants" or just against "all named Defendants." From this, it appears to the Court that Plaintiff's Counts 1, 4–8, and 12–14 against "all named Individuals and all named Defendants" are asserted against *all* defendants, including the individual defendants, whether currently a defendant or to be added as a defendant. In contrast, Plaintiff's Counts 2, 3, 10, and 11 against "all named Defendants" (omitting "all named Individuals") assert claims only against her former employer Defendant Amazon.com Services, LLC and *not* any of the individual defendants. The amendment allowed here is strictly limited accordingly. The Court will revise Counts 2, 3, 10, and 11 of Plaintiff's proposed First Amended Complaint to clarify those Counts are only asserted against Defendant Amazon.com Services, LLC.

[21] Pl.'s proposed First Am. Compl., ECF No. 15-3, at 41.

[22] *Id.* at 35-36, 43, 47.

When a motion to amend seeks to add parties that are not indispensable, the court must also consider Fed. R. Civ. P. 20, which governs permissive joinder.[23] Rule 20(a)(2) provides that a person may be joined as a defendant in an action when:

> "(A) any right to relief is asserted against [that person] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Here, Plaintiff's allegations and claims against the four new individuals are essentially identical to her existing claims against the currently named individual defendants. Both the currently named defendants and the new defendants to be added appear to be current or former employees of Defendant Amazon.com Services, LLC. Accordingly, joining these four individuals would be permitted under Rule 20(a)(2).

Again, rather than granting Plaintiff leave to partially amend her complaint and addressing each of Defendants' futility arguments for each of the multiple claims asserted against the four new individuals, the Court finds it would be more expedient and efficient to allow Plaintiff to file her First Amended Complaint adding these four individuals. This will allow Plaintiff's claims against these parties to be "more appropriately resolved by the district judge, in the context of a motion for summary judgment or by way of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or (c)," rather than in the posture of an opposed motion for leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 15) is granted, but subject to the following revisions being made to Plaintiff's proposed First Amended Complaint prior to filing:

---

[23] *Wisneski v. Belmont Mgmt. Co., Inc.*, No. 19-2523-JAR-ADM, 2019 WL 7293585, at *2 (D. Kan. Dec. 30, 2019); *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2018 WL 2008860, at *3 (D. Kan. Apr. 30, 2018).

(1) Defendant "Amazon.com, Inc." will be removed as a defendant in the caption and all references to it replaced with "Amazon.com Services, LLC;" and

(2) The four references to "all named Defendants" in Counts 2, 3, 10, and 11 (ECF No. 15-3 at pages 35, 36, 43) will be replaced with "Defendant Amazon.com Services, LLC" to clarify those claims are not being asserted against any of the individual defendants.

**IT IS FURTHER ORDERED** that no later than **May 14, 2024**, Plaintiff shall email a Word version of her proposed First Amended Complaint, filed as an exhibit to her motion (ECF No. 15-3), to chambers at KSD_James_Chambers@ksd.uscourts.gov, with defense counsel copied on the email transmitting it. The Court will then make the above revisions to Plaintiff's proposed First Amended Complaint prior to filing.

**IT IS FURTHER ORDERED** that **within thirty (30) days** from the date the First Amended Complaint is <u>filed</u>, Plaintiff shall serve summons and a copy of the First Amended Complaint on all newly added defendants.[24] Plaintiff shall promptly thereafter file a notice showing these newly added defendants have been served or have waived service.

IT IS SO ORDERED.

Dated April 30, 2024, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

---

[24] Plaintiff is not proceeding *in forma pauperis* in this action and is therefore required to serve summons and the First Amended Complaint upon each of the four newly added defendants pursuant to Fed. R. Civ. P. 4.